United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   WELLS FARGO BANK, N.A.,                        No. C 11-02609 CRB

12              Plaintiff,                          **ORDER GRANTING MOTION TO REMAND**

13        v.

14   WILLIAM P. HUNT,

15              Defendant.
                                          _____/
16

17        Defendant William P. Hunt removed this case from state court on June 1, 2011.  See

18   dkt. 1.  The case was reassigned on June 20, 2011.  See dkt. 13.  The Court notes that a

19   Motion to Remand is already on file, and is calendared for July 21, 2011.  See dkt. 3.

20   However, the Court finds this matter suitable for resolution without oral argument or further

21   briefing, pursuant to Civil Local Rule 7-1(b), and GRANTS the Motion to Remand (dkt. 3).

22        First, Defendant's Notice of Removal is procedurally defective, as it fails to attach the

23   state court complaint and therefore left the Court unable to determine whether it had

24   jurisdiction over the matter.  See 28 U.S.C. § 1446(a).

25        Second, upon review of the state court complaint attached to the Supplemental

26   Declaration of Scott M. Harris [in] Support of Motion to Remand, see dkt. 9 Ex. A, it is

27   apparent to the Court that, indeed, it does not have jurisdiction over the matter.  Federal

28   question jurisdiction exists only when a federal question exists on the face of a well-pleaded

United States District Court
For the Northern District of California

complaint.  See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).
The state court complaint here involves only a claim of unlawful detainer.  Supp. Harris
Decl.  (dkt. 9 Ex. A) at 1.  Therefore, no federal question is presented.  See Deutsche Bank
Nat. Trust Co. v. Ashley, No. 07-cv-1164-BEN, 2007 WL 2317104, at *1 (S.D. Cal. Aug. 8,
2007).  Moreover, based upon the face of the well-pleaded complaint, which alleges that the
amount in controversy is "under $10,000," and indicates that Defendant is what is known as
a local defendant (residing in the State in which this action has been brought), there is also no
diversity jurisdiction.  See Supp. Harris Decl.  (dkt. 9 Ex. A) at 1; 28 U.S.C. § 1441(b).
Accordingly, Plaintiff's Motion to Remand this matter to the Superior Court of the State of
California, County of Sonoma is GRANTED.

**IT IS SO ORDERED.**

Dated: June 22, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2011\2609\order remanding.wpd                2